# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ANTHONY TREVILLION, #R3090**                                                      **PETITIONER**

**VERSUS**                          **Civil Action No. 5:11cv166-DCB-RHW**

**JOHN WRIGHT, WARDEN**                                                      **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] Anthony Trevillion's petition for writ of habeas corpus signed October 21, 2011 and filed by the Clerk on November 16, 2011,[1] and [12] Respondent's motion to dismiss the petition as time-barred pursuant to 28 U.S.C. §2244(d). In the six weeks which have elapsed since the motion to dismiss was filed on April 20, 2011, Trevillion has filed neither a response to the motion, nor any request for additional time to do so. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and the petition for federal habeas relief, denied.

## FACTS AND PROCEDURAL HISTORY

Anthony Trevillion is currently incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi where John Wright is Warden. Trevillion is serving sentences totaling life plus 53 years in custody of the Mississippi Department of Corrections for his April 16, 2008 convictions in the Circuit Court of Warren County, Mississippi of murder, two counts of

---

[1] Under the "mailbox rule," Trevillion's *pro se* federal habeas petition is deemed filed the day he delivered it to prison officials for mailing to the District Court, *i.e.*, sometime between October 21 and November 16, 2011. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).

aggravated assault, shooting into an occupied dwelling, and possession of a firearm by a convicted felon. He was sentenced to serve consecutive sentences of twenty years for each assault, ten years for shooting into an occupied dwelling, and three years for possession of a firearm by a felon, all to run consecutively to his life sentence for murder. Trevillion appealed, and on November 24, 2009 the Mississippi Court of Appeals affirmed Trevillion's convictions and sentences. *Trevillion v. State*, 26 So.3d 1098 (Miss. App. 2009). On December 14, 2009 Trevillion filed a motion in the Mississippi Court of Appeals to extend the time to file for rehearing. [12-4] The state court granted the motion, giving Trevillion until December 22, 2009 to file for rehearing [12-5], but Trevillion filed no motion for rehearing, and on January 7, 2010 the appellate issued its mandate. On October 25, 2011, Trevillion filed a second motion for additional time to file for rehearing in the Mississippi Court of Appeals [12-7], which that court dismissed on October 27, 2011. [12-8] Trevillion sought no further state court relief.

## LAW AND ANALYSIS

Respondent urges that Trevillion's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (AEDPA). The time prescribed for filing a petition for federal habeas review of a state court judgement is set out in 28 U.S.C. §2244(d):

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

    and made retroactively applicable to cases on collateral review; or
    **(D)** the date on which the factual predicate of the claim or claims presented could
    have been discovered through the exercise of due diligence.

 **(2)** The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

  Unless the narrow exceptions of §2244(d) apply, Trevillion was required to file his federal habeas corpus petition by December 22, 2010, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," but neither an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period affects the one-year time-bar for federal habeas relief. *Flanagan v. Johnson*, 154 F.3d 196, 199, n.1 (5th Cir. 1998). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).

  Absent a "properly filed" post-conviction application to toll the limitations period, Trevillion's time for filing for federal habeas relief expired December 22, 2010, and his petition is time-barred. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769-771 (5th Cir. 2004); *Flanagan*, 154 F.3d at 201; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1473 (1999). Trevillion never properly filed a post-conviction motion to trigger the tolling allowed by 28 U.S.C. §2244(d)(2). Although he was granted until December 22, 2009 to file a motion for rehearing, he filed nothing after that date until he filed his second motion for extension of time to file a motion for rehearing on October 25, 2011, ten months after the expiration of his time to file a federal habeas petition. Therefore, there was no tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is subject to equitable tolling, but only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d at 811). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999)). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). It is the petitioner's burden to establish that he is entitled to equitable tolling. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Trevillion has failed to carry that burden, as he has not set forth extraordinary circumstances justifying his lengthy delay in filing the instant petition. Under long-established principles, Trevillion's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L.Ed. 311 (1874)). Trevillion's time for filing a federal habeas petition expired December 22, 2010, and his petition should be dismissed as time-barred.

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, it is the opinion of the undersigned United States Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, be **DISMISSED.**

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 7th day of June, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE